# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARSDEN V. ELIAS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     **Case No. 20-CV-049-RAW-KEW** |
| | ) |
| **JOHN O'CONNOR,** | ) |
| **Oklahoma Attorney General,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se litigant who has been released from the custody of the Oklahoma Department of Corrections ("DOC").[1,2] He is challenging the execution of his sentence in Washington County District Court Case No. CF-2002-497 for Child Abuse, raising the following grounds for relief:

I.     Inadvised [sic] as to the consequences of my nolo contendere plea (length of sentence & 85% Rule).

II.     Wrongful Incarceration - Oklahoma case law & statutes forbid sentences that are facially deficient.

III.     85% Rule is NOT part of the record in CF-2002-497 apart from saying that the case is NOT an 85% case.

---

[1] The Court takes judicial notice of the Oklahoma Department of Corrections offender website at https://okoffender.doc.ok.gov, pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

[2] When the petition was filed, Petitioner was incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma (Dkt. 1), which is located within the jurisdiction of the Eastern District of Oklahoma.

(Dkt. 1 at 5-7) (emphasis in original).

Respondent has filed a motion to dismiss the petition as unexhausted and untimely (Dkt. 9), and Petitioner has filed a response to the motion (Dkt. 16).

## Procedural History

On April 26, 2005, Petitioner, who was represented by counsel, entered a plea of nolo contendere to one count of Child Abuse, in violation of Okla. Stat. tit. 10, § 7115 (Supp. 2002), in the District Court of Washington County Case No. CF-2002-497 (Dkts. 10-1; 10-2). Petitioner stipulated to the allegations of the Information, which alleged that "on or about the 4th day of September, 2002, [Petitioner] did . . . willfully, maliciously and intentionally use unreasonable force upon MJS, a minor child known to the defendant whose date of birth is 09-14-87, by kicking said MJS in the mouth, causing two teeth to be knocked out, said defendant being a person responsible for the child's health and welfare" (Dkts. 10-3, 10-2 at 4). On the same date, the trial court sentenced Petitioner to a 15-year sentence with all but three years suspended (Dkt. 10-1 at 2). Petitioner agreed to follow the Rules and Conditions of Probation. *Id*. at 3. He did not seek an appeal (Dkt. 1 at 2).

On November 12, 2008, Petitioner, again represented by counsel, entered a plea of guilty to one count of Domestic Abuse - Assault and Battery, in violation of Okla. Stat. tit. 21, § 644(C) (Supp. 2006), in the District Court of Washington County Case No. CF-2008-279 (Dkts. 10-4, 10-5). Petitioner admitted, "On or about the 5th day of July, 2008, . . . I willfully, knowingly & w/o legal justification committed the crime of domestic abuse -

assault & battery by striking my wife in the face" (Dkt. 10-5 at 5).  The trial court sentenced Petitioner to four years, with all but six months suspended (Dkt. 10-4 at 2). Petitioner again agreed to comply with the Rules and Conditions of Probation.  *Id*. at 3.  He did not seek to appeal.

On June 18, 2010, the State filed motions to revoke the suspended sentences in both the child abuse case and the domestic abuse case (Dkts. 10-6, 10-7).  The motions to revoke alleged Petitioner had violated the following rules and conditions of his suspended sentences:  (1) failed to maintain full-time employment, (2) failed to attend and complete drug/alcohol or domestic violence counseling as ordered, (3) failed to report to his probation officer, and (4) failed to keep his supervising officer informed of his whereabouts (Dkts. 10-6 at 1, 10-7 at 1).

On December 16, 2010, a revocation hearing was held before the state district court (Dkts. 10-8, 10-9).  On that day, the court revoked Petitioner's sentences in full and ordered him to be incarcerated for a term of 12 years on the child abuse conviction and 3 years and 6 months on the domestic abuse conviction, to run concurrently.  *Id*.  At the conclusion of the revocation hearing, defense counsel asked whether Petitioner's child abuse conviction was "an 85 percent case"[3] (Dkt. 10-10 at 2).  The district court and prosecutor both stated

---

[3] In Oklahoma, certain enumerated crimes are subject to the "85 Percent Rule," meaning an offender must serve not less than 85 percent of his sentence before becoming eligible for parole.  Okla. Stat. tit. 21, §§ 12.1, 13.1.  Furthermore, persons convicted of these offenses "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."  *Id*.

their belief that, although child abuse was an 85 percent crime at the time of the revocation hearing, child abuse was not an 85 percent crime when Petitioner committed the crime (Dkt. 10-10 at 2-3). The court, apparently consulting a statute book, stated: "I will show on the record that it was not an 85 percent crime at that time and put that in the order revoking." *Id*. at 3.

Petitioner perfected an appeal of the revocation of his suspended sentences to the Oklahoma Court of Criminal Appeals ("OCCA") in Case No. RE-2010-1190, raising two propositions of error in his brief. (Dkt. 10-11). First, Petitioner claimed the district court abused its discretion in revoking his suspended sentences, because (a) the district court based its decision to revoke his suspended sentence on grounds not alleged in the State's motions to revoke his suspended sentences, and (b) the evidence presented was insufficient to support revocation (Dkt. 11 at 7-14). Second, Petitioner alleged the district court abused its discretion in revoking his suspended sentences in full. *Id.* at 15-17. Petitioner did not raise any issue with respect to whether his child abuse conviction was an 85 percent crime. On November 17, 2011, the OCCA denied relief and affirmed the revocation of Petitioner's suspended sentences (Dkt. 10-12).

In October 2012, Petitioner submitted an undated letter to the state district court, complaining that the DOC was administering his sentence under the 85 percent rule and not awarding him earned credits (Dkt. 10-13 at 3-4). On October 31, 2012, the district court entered a court minute in response:

4

Court has reviewed letter and attached documents. Defendant needs to seek a writ directing the D.O.C. to address his issues or file legal action against them in Oklahoma County District Court. The interpretation of Defendant's sentence needs to be addressed with D.O.C. Defendant was revoked by the Court and the revocation was appealed and affirmed.

(Dkt. 10-13 at 1).[4]

On May 28, 2013, the state district court received another letter from Petitioner, reiterating his complaints from the October 2012 letter (Dkt. 10-14 at 1-3). On May 29, 2013, the district court entered an order denying further review and referencing its October 31, 2012, order (Dkts. 10-14 at 1; 10-15 at 15).

On December 12, 2013, Petitioner filed a motion for sentence modification or judicial review pursuant to Okla. Stat. tit. 22, § 982a (Supp. 2012) (Dkt. 10-16). That same day, the district court denied the motion, finding that modification was not in the best interests of the public, as required under the statute (Dkt. 10-16).

On May 20, 2014, Petitioner filed an application for post-conviction relief in the state district court, seeking an appeal out of time to appeal his plea in the child abuse case (Dkt. 10-17). He argued his counsel was ineffective in misleading him to plead nolo contendere, because counsel misinformed him of the consequences of the plea. *Id*. at 3. Petitioner also asserted he believed he never was subject to the 85 percent rule. *Id*. at 3-4. Further, he was told at the revocation hearing that it was not an 85 percent crime (Dkt. 10-17 at 2-5).

---

[4] Petitioner also attached to his letter a copy of a facility Request to Staff dated February 28, 2012, asking to "correct the 85% issue" (Dkt. 10-13 at 7). The response stated that "after a [sic] audit of your time your 85% is correct." *Id*. There is not indication that Petitioner proceeded with any additional administrative remedies for this issue.

On November 25, 2014, the state district court denied post-conviction relief, explaining:

> [At the revocation hearing], [u]pon review of the statute, the parties and the Court determined that the crime in CF-2002-497 was not an 85% crime at the time the Petitioner was originally sentenced in 2005. The determination by the Court was incorrect. Upon reviewing the statute in effect at the time the Petitioner's sentence was revoked the crime of Child Abuse was cited at 21 O.S. Section 843.5. Petitioner was convicted under 10 O.S. 7115 on November 26, 2005 and 10 O.S. 7115 was renumbered as 21 O.S. Section 843.5, HB 2028, c. 233, § 207, on May 21, 2009. On December 16, 2010, the Court and the parties incorrectly determined that the crime was not an 85% crime because the statute cited had been renumbered.

(Dkt. 1 at 25). The district court, however, reasoned that Petitioner was not entitled to relief, because at the time of his plea in 2005, there was no requirement under Oklahoma law that a defendant be advised of whether his crime fell under the 85 percent rule. *Id.* The district court continued:

> While the Court regrets incorrectly advising the Petitioner that the crime was not an 85% crime at the time his suspended sentence was revoked, the Court does not find that it entitles him to have his case modified in any fashion. There is no question that the Petitioner entered a no contest plea to the crime of Child Abuse and later violated his rules and conditions of probation resulting in the balance of his suspended sentence being revoked. Petitioner did not stipulate to the Motion to Revoke but requested and received a hearing on the Motion. Petitioner did not give up any right or waive any procedure based on the incorrect determination that the crime was not an 85% crime. The Oklahoma Court of Criminal Appeals issued a Summary Opinion affirming the Court's revocation of Petitioner's suspended sentence.

(Dkt. 1 at 25). The district court also expressly notified Petitioner that he had 30 days to appeal the denial of post-conviction relief. *Id*. at 26.

Petitioner untimely attempted to appeal the district court's denial of post-conviction

6

relief, filing a petition in error on January 20, 2015, in OCCA Case No. PC-2015-45 (Dkt.

10-18 at 2). On March 26, 2015, the OCCA entered an order declining jurisdiction over the

appeal pursuant to Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals, Title

22, Ch. 18, App. as follows:

> . . . Petitioner's Petition in Error should have been filed with this Court on or
> before December 25, 2014, but was not filed until January 20, 2015. Petitioner
> failed to timely file the Petition in Error with the Clerk of this Court within
> thirty (30) days from the filing of the District Court's final order. *See* Rule
> 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18,
> App. (2015). The Court **DECLINES** jurisdiction and **DISMISSES** this
> matter. If Petitioner feels he has been denied a post-conviction appeal through
> no fault of his own, he may seek the appropriate relief with the District Court.
> *See* Rule 2.1(E)(3), Rules of the Oklahoma Court of Criminal Appeals, Title
> 22, Ch. 18, App. (2015).

(Dkt. 10-19 at 2) (emphasis in original).

On June 9, 2015, Petitioner filed a second post-conviction application in the district

court, requesting an appeal out of time from the denial of his first post-conviction application

(Dkt. 10-20). On October 27, 2015, the district court recommended an appeal out of time as

follows: "Although the Petitioner continues to argue the substantive issues in his Appeal Out

of Time/Second and [S]ubsequent and the Court has denied those issues, the Court

recommends that he be granted an Appeal Out of Time" (Dkt. 10-21 at 3).

On November 6, 2015, Petitioner initiated an appeal in OCCA Case No. PC-2015-998

(Dkt. 10-15 at 16). Then, on November 12, 2015, he filed an application for appeal out of

time with the OCCA with a brief in support (Dkts. 10-22, 10-23). He did not expressly state

whether he wanted to appeal out of time the denial of post-conviction relief or his original

nolo contendere plea in the child abuse case.  He appeared, however, to be challenging the plea, arguing he was not guilty of child abuse because of self-defense and that defense counsel ignored his desire to appeal after his plea and sentencing (Dkt. 10-23 at 1-2).  Based on Petitioner's request and the trial court's recommendation, the OCCA granted Petitioner a certiorari appeal out of time (Dkt. 10-24).

On January 4, 2016, the state district court entered an order finding Petitioner was indigent and appointing Oklahoma Indigent Defense System ("OIDS") attorney Mark Kane to represent him (Dkt. 10-25).  Appointed counsel was to lodge the appeal within ten days in accordance with Rule 2.1(E)(4), *Rules of the Oklahoma of Criminal Appeals*, Title 22, Ch. 18 App. (2015) (Dkt. 10-25 at 1).

On January 6, 2016, Petitioner's attorney, Mr. Kane, filed a notice of intent to appeal in OCCA Case No. C-2016-11 (Dkt. 10-26).  On January 15, 2016 Mr. Kane then filed an application to withdraw plea of nolo contendere out of time in the district court (Dkt. 10-27).  Mr. Kane alleged that, following his earlier filing of the notice of intent to appeal, on January 14, 2016, he was informed by Mark Hoover, head of the OIDS appellate division,  "that Kane and [Washington County District Judge] DeLapp had misinterpreted the OCCA's Order and Mandate" (Dkt. 10-27 at 1-2).  Specifically, pursuant to OCCA Rule 2.1(E)(4), Mr. Kane admitted that he should have filed an application to withdraw plea  instead of a notice of intent to appeal, because "without an Application to Withdraw the Plea and the resultant ruling by District Judge DeLapp . . . there is nothing to take upon Certiorari to the OCCA"

(Dkt. 10-27 at 2).

In support of the application to withdraw plea, Mr. Kane alleged the following grounds: (1) actual, factual innocence; (2) ineffective assistance of counsel; (3) nolo contendere plea was not entered knowingly and voluntarily after being fully advised that the crime was not an 85 percent crime, but would become an 85 percent crime by the time his suspended sentence was revoked on December 16, 2010. *Id*.

With the application to withdraw plea of nolo contendere out of time pending, the Washington County District Court filed a motion for clarification with the OCCA (Dkt. 10-28). After summarizing the procedural history of the case, the district court noted it was "seeking direction and clarification on how to proceed with the current Application. . . . Is this court required to hold a hearing at this juncture in the case for an application to withdraw plea or is some other procedure appropriate?" (Dkt. 10-28 at 3-4).

On March 21, 2016, the OCCA entered an order dismissing Petitioner's certiorari appeal in Case Nos. PC-2015-998 and C-2016-11 (Dkt. 10-29). After outlining the case history, the OCCA noted that its order granting Petitioner a certiorari appeal out of time directed him to comply with the provisions of OCCA Rule 2.1(E)(4):

> This Court granted Petitioner Elias's request for a *certiorari* appeal out of time of his underlying conviction, based on the District Court's finding that Elias was denied a *certiorari* appeal through no fault of his own. Elias was instructed to file his appeal in accordance with the Court's Rule 2.1(E)(4) and Sections II, III and IV, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016). As specified in Rule 2.1(E)(4), if Elias has not previously filed a Motion to Withdraw his plea, an Application to Withdraw the Plea was to be filed with the clerk of the trial court within ten (10) days

9

from the date of this Court's order, or the appointment of counsel to represent Elias in pursing his certiorari appeal, along with a request for an evidentiary hearing pursuant to this Court's Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18 App. (2016).

The record reflects that Elias's motion to withdraw plea was filed with the trial court on January 15, 2016, eleven (11) days after the order appointing Kane to represent Elias was filed in the district court. The motion to withdraw plea should have been filed in the district court on or before January 14, 2016, but was not, and was therefore untimely. Kane also filed a Notice of Intent to Appeal and Designation of Record with this Court on January 8, 2016, prior to the filing of the motion to withdraw plea.

Elias did not file a Motion to Withdraw Plea prior to commencing an appeal of his conviction, as required by this Court's Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Elias's appeal assigned this Court's Case No. C-2016-11 is **DISMISSED**. If Elias feels he has been denied an appeal through no fault of his own, he may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). Issuance of this order concludes proceedings before this Court.

No further action is required of the district court unless and until Elias seeks post-conviction relief again seeking a *certiorari* appeal out of time.

(Dkt. 1-29 at 3-4) (emphasis in original). The OCCA also directed the Clerk to send a copy

of its order to the Washington County District Court, the Washington County Court Clerk,

Petitioner, and Petitioner's counsel of record. *Id.* at 4.

On April 4, 2016, Petitioner filed a pro se application of certiorari appeal out of time

in the district court (Dkt. 10-30). On July 5, 2016, after the district court had not yet ruled

on this application, Petitioner filed a petition for writ of mandamus in the OCCA in Case No.

MA-2016-583, requesting the OCCA to order the trial court to rule on his application (Dkt.

10-31). On July 21, 2016, the OCCA ordered the district court to dispose of Petitioner's

April 4, 2016, application for certiorari appeal out of time within 30 days (Dkt. 10-32 at 2).

On August 18, 2016, the district court entered an order denying Petitioner's April 4, 2016, application for certiorari appeal out of time (Dkt. 10-33). After summarizing the case's procedural history in detail, the district court ruled:

> As stated above this is Petitioner's third attempt to seek an Appeal Out of Time in this case. This Court has previously denied his Application for Post-Conviction [Relief] and that was affirmed by the Oklahoma Court of Criminal Appeals. The Court has addressed the issue regarding the Petitioner's argument regarding the 85% [Rule] and the fact that the Petitioner has thoroughly exhausted the issues on appeal. The Petitioner failed to file his Petitioner [sic] in Error and offered several reasons why he failed to file it with the Oklahoma Court of Criminal Appeals. This Court recommended an appeal out of time when he failed to timely file his pleadings the first time in 2014. This Court does not recommend an appeal out of time for missing the filing time this second time. Petitioner was represented by counsel and Petitioner should not get a second bite out of the apple.
>
> Order: The Petitioner's Application for *Certiorari* Appeal Out of [T]ime is denied.

(Dkt. 10-33 at 2).

Petitioner was notified that he could appeal to the OCCA within 30 days from the date of the order. *Id.* On September 6, 2016, the OCCA dismissed Petitioner's request for a writ of mandamus in Case No. MA-2016-583 as moot, given the district court's August 18, 2016, ruling (Dkt. 10-34 at 4).

On September 19, 2016, Petitioner filed in OCCA Case No. MA-2016-845 an application for writ of mandamus, complaining about the district court's August 18, 2016, denial of his application for certiorari appeal out of time and stating he wanted to withdraw

his plea (Dkt. 10-35). On October 7, 2016, the OCCA construed Petitioner's mandamus

filing as an application for post-conviction relief seeking a certiorari appeal out of time in

Washington County District Court Case No. CF-2002-497. *Elias v. District Court of

Washington County*, No. PC-2016-845, slip op. at 1 (Okla. Crim. App. Oct. 7, 2016).[5] The

OCCA found that, because counsel missed the deadline for filing the motion to withdraw

plea, Petitioner was denied a certiorari appeal through no fault of his own. *Id.* at 2.

Therefore, the OCCA granted Petitioner a certiorari appeal out of time and again remanded

the case for appointment of counsel:

> Within ten (10) days from the date the District Court makes its determination
> regarding indigency or enters an order allowing Petitioner to represent himself
> in the appeal pursuant to Rule 1.16, appellate counsel is directed to lodge the
> appeal in accordance with Section IV of the Rules of this Court. Within ten
> (10) days, Petitioner must file with the Clerk of the District Court a motion to
> withdraw guilty plea. *See* Rule 4.2.

*Elias*, No. PC-2016-845, slip op. at 2 (emphasis omitted).

On October 13, 2016, the district court again appointed Mark Kane as counsel for

Petitioner, and on October 14, 2016, counsel filed an application for Petitioner to withdraw

his plea of nolo contendere (Dkt. 10-15 at 18). In an order dated November 21, 2016, but

filed on December 2, 2016, the trial court denied the application to withdraw plea, making

the following findings:

. . . On October 14, 2016, the attorney for Marsden Elias filed an Application

---

[5] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at
https://www.oscn.net ("OSCN"). *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744,
at *1 n.1 (W.D. Okla. Nov. 5, 2014).

to Withdraw Plea of Nolo Contendere stating three grounds. 1. Actual Factual Innocence. 2. Ineffective Assistance of Counsel. 3. Defendant's plea of Nolo Contendere was not knowingly and voluntarily entered. He was advised at sentencing on April 26, 2005 that the crime was not an 85% crime. When his suspended sentence was revoked on December 16, 2010 he was not told the crime was an 85% crime. It was not until he got to prison that he learned it was an 85% crime.

The court has reviewed the entire record of the *State of Oklahoma v. Marsden Voltaire Elias* including the transcripts, plea paperwork, all motions and applications filed since sentencing occurred in this case. The court finds the record and the testimony of defendant at his plea and revocation hearing does not support that his plea was not knowingly and voluntarily entered. The court denies his request to withdraw his plea of nolo contendere.

(Dkt. 10-36 at 2).

On December 5, 2016, Petitioner filed a notice of intent to appeal, and he was appointed an OIDS appellate attorney (Dkt. 10-15 at 18-19). On December 23, 2016, Petitioner filed through counsel both a petition for writ of certiorari and a motion to dismiss appeal for lack of jurisdiction in OCCA Case No. C-2016-1108 (Dkts. 10-37, 10-38). Petitioner conceded in the motion to dismiss that the notice of intent to appeal had been untimely filed based on the date the application to withdraw was denied, and that a timely filed notice of appeal was jurisdictional (Dkt. 10-38 at 1). *See also* Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. ("A defendant . . . shall file notice of intent to appeal . . . within ten (10) days from the date the application to withdraw . . . is *denied*. . . . The filing of the Notice of Intent to Appeal . . . is jurisdictional and failure to timely file constitutes waiver of the right to appeal." (emphasis added)). Petitioner requested that his appeal be dismissed "without prejudice to [his] right to appeal should an

13

Appeal Out-of-Time be properly perfected" (Dkt. 10-38 at 1). He also asserted he filed the petition for writ of certiorari to protect his rights should the motion to dismiss be denied (Dkt. 10-37 at 2).

On February 27, 2017, the OCCA granted Petitioner's motion to dismiss appeal in Case No. C-2016-1108 (Dkt. 10-39). The OCCA found the appeal was untimely, because his notice of intent to appeal was not filed within ten days of the denial of his motion to withdraw plea. *Id*. at 2. Therefore, his certiorari appeal was subject to dismissal pursuant to OCCA Rule 4.2(D). *Id*. at 1-2.

On July 10, 2017, Petitioner filed an application for appeal out of time/certiorari in the state district court (Dkt. 10-15 at 19). On June 11, 2018, he filed a second application for appeal out of time/certiorari in the district court. *Id.*

Also on June 11, 2018, Petitioner filed an emergency application for writ of habeas corpus in OCCA Case No. HC-2018-594, claiming his confinement was unlawful because he had not been properly advised of the application of the 85 percent rule to his sentence (Dkt. 10-40). On June 27, 2018, the OCCA declined jurisdiction and dismissed Petitioner's application, noting that its Rules required that a defendant first seek and be denied habeas relief in the district court before seeking relief in the OCCA (Dkt. 10-41 at 4). *See also* Rule 10.1(C)(1) *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App.; *Twyman v. Okla. Pardon & Parole Bd.*, 837 P.2d 480, 481 Okla. Crim. App. 1992) ("In the absence of an extreme emergency, this Court will not entertain an original application for a

writ of habeas corpus where such application has not been presented to and refused by the District Court of the county where petitioner is restrained.").

On July 5, 2018, Petitioner filed an emergency application for writ of habeas corpus in the district court (Dkt. 10-15 at 19).  On that same date, Petitioner filed an emergency application for writ of habeas corpus in OCCA Case No. HC-2018-680, claiming that, contrary to the OCCA's ruling in Case No. HC-2018-594, he had sought habeas relief in the trial court through his filings on June 11, 2018, and July 5, 2018 (Dkt. 10-42).  Construing Petitioner's filing as a request for mandamus relief, the OCCA ordered the trial court to dispose of Petitioner's pleadings filed on June 11, 2018, and July 5, 2018 (Dkt. 10-43 at 2).

On September 26, 2018, the district court entered an order denying Petitioner's application for writ of habeas corpus (Dkt. 10-44).  The district court noted that "[t]he issues raised in [Petitioner's] current Writ [were] premised on the question of whether [his] Child Abuse conviction, from November of 2004, fell under the 85% rule for time in jail before becoming eligible for parole" and whether "he was wrongly informed of the applicability of the 85% rule."  *Id.* at 1.  Upon review of the post-conviction filings in Petitioner's case, the district court found that "this matter has been litigated and argued," and there was "no justification for reversing or modifying any previous rulings . . . or to provide any further relief."  *Id.* at 1-2.[6]

---

[6] On October 12, 2018, the OCCA entered an order in Case No. MA-2018-680, dismissing Petitioner's construed mandamus petition as moot (Dkt. 10-45 at 2).

October 4, 2018, Petitioner filed a notice of intent to appeal" in Case No. CF-2002-497 (Dkt. 10-15 at 20).  Then, on October 11, 2018, he filed a petition in error in the OCCA, initiating Case No. HC-2018-1048 (Dkt. 10-46).  The petition in error challenged the trial court's denial of his application for a writ of habeas corpus.  *Id.*  Construing Petitioner's filing as a habeas petition, on October 30, 2018, the OCCA declined jurisdiction and dismissed Case No. HC-2018-1048, noting that Petitioner had failed to provide notice to the proper party as required by the Court's rules governing the seeking of extraordinary relief (Dkt. 10-47 at 1).  *See* Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. ("No petition for extraordinary relief shall be heard without notice to the adverse party.  The petition for extraordinary relief and brief in support shall reflect service on the adverse party or parties.").

On November 5, 2018, Petitioner filed an application for writ of habeas corpus in OCCA Case No. HC-2018-1123, certifying that he mailed a copy of the application to the Washington County District Court (Dkt. 10-48).  On January 8, 2019, the OCCA dismissed Petitioner's application for writ of habeas corpus on three independent grounds:  (1) "Petitioner [had] not established that he ha[d] properly presented his petition for writ of habeas corpus to the District Court of the county where he [was] restrained," *see* Rule 10.6(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App.;[7] (2)

---

[7] Respondent asserts that at the time of his 2018 habeas proceedings, Petitioner was incarcerated at Jess Dunn Correctional Center in Muskogee County, Oklahoma.

"Petitioner ha[d] not attached to his pleadings a certified copy of the District Court order being challenged in this matter," *see* OCCA Rules 10.1(C), 10.5; Rule 10.6, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App.; and (3) "Petitioner ha[d] not established that the issues he [was] attempting to raise could not and should not have been raised in direct appeal or post-conviction proceedings in the District Court of the county where he was convicted and sentenced," *see* OCCA Rule 10.6(C) (Dkt. 10-49 at 1-2).

On February 19, 2019, Petitioner filed an application for writ of habeas corpus in the Oklahoma Supreme Court in Case No. HC-117766 (Dkt. 10-50).  Petitioner argued his confinement was unlawful because he received incorrect information regarding the 85 percent rule, and he thus "was *not* knowing and informed when [he] was cajoled into making a Nolo Contendere plea."  *Id*. (emphasis in original).  On April 8, 2019, the Oklahoma Supreme Court "decline[d] to assume original jurisdiction on the merits of the  Petitioner's claims because they [did] not invoke any request for relief within this Court's civil original jurisdiction" (Dkt. 10-51).

On April 19, 2019, Petitioner filed another application for writ of habeas corpus in Oklahoma Supreme Court Case No. HC-117917 (Dkt. 10-52).  He reasserted the arguments from his February 19, 2019, habeas application and objected to the Oklahoma Supreme Court's conclusion that it did not have jurisdiction over his claims.  *Id*. at 1-5.  Petitioner also requested his immediate release with compensation for his alleged wrongful incarceration, pain and suffering, and violation of his due process rights.  *Id*. at 6.

On April 23, 2019, Petitioner again filed an application for writ of habeas corpus in Case No. CF-2002-497 (Dkt. 10-15 at 21). The district court denied the application on April 30, 2019, finding that no issues were raised that warranted consideration (Dkt. 10-53).

On May 6, 2019, the Oklahoma Supreme Court denied Petitioner's habeas application in Case No. HC-117917, again on grounds of lack of jurisdiction (Dkt. 10-54). On May 15, 2019, Petitioner filed a motion to reconsider the habeas petition (Dkt. 10-55), which the Oklahoma Supreme Court denied on June 17, 2019 (Dkt. 10-56).

On June 24, 2019, Petitioner filed a third application for a writ of habeas corpus in the Oklahoma Supreme Court, in Case No. HC-118074 (Dkt. 10-57). The Oklahoma Supreme Court ordered the Clerk of the Washington County District Court to forward the entire case file in Case No. CF-2002-497 for the Court's review (Dkt. 10-58). Ultimately, however, the Oklahoma Supreme Court again found it was without jurisdiction to decide Petitioner's claims and denied his application on November 12, 2019 (Dkt. 10-59). Two Oklahoma Supreme Court Justices dissented, indicating their belief that a sentencing mistake had been made based on the 85 percent rule (Dkt. 59-10 at 3-4 & n.6).

On December 2, 2019, Petitioner filed an application for writ of mandamus in Oklahoma Supreme Court Case No. MA-118445, arguing that in light of the dissenting opinion in Case No. HC-118074, he was entitled to relief (Dkt. 10-60). On January 13, 2020, the Oklahoma Supreme Court declined to assume original jurisdiction on the merits of Petitioner's claims and dismissed the application, because the claims did not invoke any

request for relief within the Oklahoma Supreme Court's civil original jurisdiction (Dkt. 10-61).  One justice dissented with a notation that "[p]erhaps it is time for the petitioner to seek relief in federal court."  *Id.*

According to the OSCN website, Petitioner filed a motion for sentence correction in the state district court on November 18, 2019, and a response was filed on December 11, 2019.  Also, on January 28, 2020, he filed another application for writ of mandamus.  No rulings on these motions have been entered.

On January 31, 2020, Petitioner filed a civil rights complaint against the State of Oklahoma in the United States District Court for the Eastern District of Oklahoma in Case No. CIV 20-308-JHP, complaining about the execution of his sentence under the 85 percent rule (Dkt. 1 at 11-13).  The complaint was dismissed, finding a civil rights action was not the appropriate vehicle for Petitioner's complaints and advising him to file a § 2241 petition.  *Id.* On February 18, 2020, Petitioner filed his present habeas petition in this Court (Dkt. 1).

**Exhaustion of State Court Remedies and Procedural Bar**

Respondent alleges that regardless of whether Petitioner's claims are timely, the claims are unexhausted and procedurally barred.  According to Respondent, Petitioner's claims must be dismissed, because they were not fully and fairly presented to the OCCA, and the claims were barred by the OCCA based on Petitioner's failure to follow that court's rules.

"A threshold question that must be addressed in every habeas case is that of exhaustion."  *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  The Court must

dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)).

The requirement to exhaust state remedies also extends to the exhaustion of administrative remedies. *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006). *See also Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a petitioner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

Respondent asserts that Petitioner has failed to address exhaustion of his administrative remedies, although Respondent has not explained what administrative remedies were available to Petitioner. To the extent Respondent is referencing Petitioner's Request to Staff dated February 28, 2012, asking to "correct the 85% issue" (Dkt. 10-13 at 7), Petitioner has not shown he proceeded with the available prison administrative remedies,

and he admits he pursued his DOC remedies "just short of the Director" (Dkt. 10-17 at 2).

The record shows that the state district court denied relief on the merits of Petitioner's challenge concerning the 85 percent rule when it denied his May 2014 post-conviction application on November 25, 2014 (Dkts. 1 at 25; 10-17). Petitioner, however, did not timely file an appeal of the denial of post-conviction relief, and on March 26, 2015, the OCCA barred his appeal pursuant to Rule 5.2(C)(2) of the *Rules of the Oklahoma Court of Criminal Appeals* (Dkt. 10-19 at 2). The Tenth Circuit has found this rule is an independent and adequate state law bar that precludes federal review. *Duvall v. Reynolds*, 139 F.3d 767, 796-97 (10th Cir. 1998).

In response to Petitioner's June 9, 2015, "appeal out of time/second and subsequent" (Dkt. 10-20), the district court recommended that Petitioner be allowed to file an out-of-time appeal of his post-conviction denial (Dkt. 10-21 at 3). Petitioner then requested, and was granted, an out-of-time certiorari appeal, not an appeal of his post-conviction application, based on "new discoveries" related to the defense of self-defense (Dkts. 10-22 at 1; 10-23; 10-24 at 2). In fact, all of Petitioner's filing in the district court and the OCCA over the next several years were focused on withdrawing his plea and receiving an out-of-time certiorari appeal, not obtaining appellate review of the denial of his post-conviction application. Therefore, Petitioner never properly appealed to the OCCA the denial of his post-conviction application.

The OCCA barred all of Petitioner's subsequent filings in that court on independent

21

and adequate grounds.  Petitioner's 2015 certiorari appeal was dismissed based on OCCA Rule 2.1(E)(4) (Dkt. 10-29).  *See Windsor v. Patton*, 623 F. App'x 943, 946 n.1 (10th Cir. 2015) (unpublished) (declining to consider the forfeited argument that Rule 2.1(E) was inadequate but noting that the petitioner's "bare assertions of inconsistent application by the OCCA [would not] be a sufficient basis for us to conclude that Oklahoma courts do not apply Rule 2.1 consistently and evenhandedly"); *see also, e.g., Dixon v. State*, 228 P.3d 531, 532-33 n.2 (Okla. Crim. App. 2010) (denying request for out-of-time appeal based on failure to follow OCCA Rule 2.1(E)); *Blades v. State*, 107 P.3d 607, 608 (Okla. Crim. App. 2005) (dismissing appeal based on non-compliance with OCCA Rule 2.1(E)); *Banks v. State*, 953 P.2d 344, 347 (Okla. Crim. App. 1998) (refusing to grant an out-of-time appeal to a defendant who failed to follow the provisions of OCCA Rule 2.1 and stating, "We must insist that our rules are followed consistently").

The OCCA dismissed for lack of jurisdiction Petitioner's 2016 certiorari appeal based on OCCA Rule 4.2(D) (Dkt. 10-39).  *See Hickman v. Spears*, 160 F.3d 1269, 1271-72 (10th Cir. 1998) (finding OCCA Rule 4.2 to be independent and adequate).  The OCCA also dismissed Petitioner's first 2018 habeas application pursuant to OCCA Rule 10.1(C) (Dkt. 10-41).  *See Hamm v. Saffle*, 300 F.3d 1213, 1217 (10th Cir. Aug. 21, 2002) ("We conclude that the OCCA has applied the timing requirements in Rule 10.1(C) regularly and evenhandedly in similarly situated cases, and that application of Rule 10.1(C) constitutes an adequate state ground. [Therefore, the petitioner's] failure to comply with Rule 10.1(C)

constituted an independent and adequate state ground that bars federal habeas review.")
Petitioner's second 2018 habeas petition was dismissed by the OCCA for non-compliance
with Rule 10.3 (Dkt. 10-47 at 1). *See, e.g., McGuire v. State*, 947 P.2d 563, 565 (Okla. Crim.
App. 1997) (dismissing mandamus petition based on the failure to follow Rule 10.3 and
explaining that "[i]n light of the serious nature of the writ of mandamus," the OCCA will not
"grant Petitioner relief and thereby overlook the notice requirements of Rule 10.3, regardless
of possible merit of the allegations within Petitioner's pleadings"); *cf. also, e.g., Deck v.
State*, 398 P.2d 860, 861-62 (Okla. Crim. App. 1965) (dismissing appeal based on lack of
notice to adverse party). The OCCA dismissed Petitioner's third 2018 habeas application on
multiple procedural grounds, including OCCA Rule 10.1(C) (Dkt. 10-49). *See Hamm*, 300
F.3d at 1217 ([The petitioner's] failure to comply with Rule 10.1(C) constituted an
independent and adequate state ground that bars federal habeas review.")

Finally, although Petitioner repeatedly tried to litigate his claims before the Oklahoma
Supreme Court, those filings are irrelevant to the exhaustion question, as the OCCA is
Oklahoma's highest criminal court, and the Oklahoma Supreme Court had no jurisdiction to
hear Petitioner's claims. *See Harris v. Champion*, 15 F.3d 1538, 1550 n.5 (10th Cir. 1994)
("[T]he Oklahoma Court of Criminal Appeals . . . is the only appellate court in the state that
hears criminal matters. There is no intermediate court and the Oklahoma Supreme Court
hears only civil matters."). For the reasons stated above, the Court finds Petitioner's claims
based on the application of the 85 percent rule were not fully and fairly presented to the

OCCA, and they are unexhausted and defaulted.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). Petitioner has not alleged cause and prejudice to overcome his default (Dkt. 1 at 9). Even if Petitioner were to claim ineffective assistance of counsel based on his court-appointed counsel's failure to execute a timely certiorari appeal, ineffective assistance of post-conviction counsel may not serve to overcome a defaulted claim. *See Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003). Because Petitioner never exhausted a claim of ineffective assistance of counsel in state court, the claim cannot serve as cause. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

"When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) (citing *Clayton v. Gibson*, 199 F.3d 1162, 1170-71 (10th Cir. 1999)).

To be adequate, "a state procedural rule must be 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Banks*, 692 F.3d at 1145 (quoting *Duvall*, 139 F.3d at 796-97). To be independent, a state procedural rule must rely "on state law, rather than federal law, as the basis for the decision." *Id*. (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)). A habeas petitioner can overcome a procedural bar only if he "show[s] good cause and prejudice or establish[es] that [the Court's] refusal to consider the merits of the claim would result in a fundamental miscarriage of justice." *Id*. at 1144 (citation and internal quotation marks omitted).

The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted).

Here, the Court finds Petitioner's claim of "innocence" is based on his "new discovery" of a defense of self-defense fails to provide the basis of factual innocence. Accordingly, Petitioner's habeas corpus claims are procedurally barred, and Respondent's

motion to dismiss (Dkt. 9) must be **GRANTED**.

**Certificate of Appealability**

A petitioner is entitled to a certificate of appealability ("COA") only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. Because the Court finds nothing in the record suggesting its ruling is debatable or an incorrect application of the law, Petitioner is **DENIED** a certificate of appealability.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 9) is **GRANTED**, and Petitioner is **DENIED** a certificate of appealability. Petitioner's motion for disposition (Dkt. 12) is **DENIED** as moot.

**IT IS SO ORDERED** this 20TH day of October 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE