# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSDEN V. ELIAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-CV-049-RAW-KEW ) |
| JOHN O'CONNOR,<br>Oklahoma Attorney General, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

On October 20, 2021, this habeas corpus action pursuant to 28 U.S.C. § 2241 was dismissed because Petitioner's claims were procedurally barred (Dkt. 19), and the judgment was entered that same day (Dkt. 20). On November 1, 2021, Petitioner filed a motion for reconsideration (Dkt. 21), and on November 24, 2021, he filed a motion for judicial notice (Dkt. 22).

**Motion to Reconsider**

Petitioner alleges the dismissal of his petition "was an outrageous example of prejudice [and] [t]his Court is in serious error . . . ." (Dkt. 21 at 1). Because Petitioner filed his motion to reconsider within 28 days after judgment was entered, the Court construes the motion as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3)

the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

The record shows that on April 26, 2005, Petitioner, represented by counsel, was sentenced to 15 years, with all but three years suspended, for Child Abuse in Washington County District Court Case No. CF-2002-497. (Dkt. 19 at 2). He alleges the state district court clearly believed his crime was not an offense under the "85% Rule." (Dkt. 21 at 2). The Department of Corrections, however, allegedly calculated the sentence under the 85% Rule. *Id.* He contends the sentencing court should have "repaired their mistake" by amending his Judgment and Sentence to reflect that the conviction was not an 85% crime at the time of sentencing. *Id.*

Petitioner further asserts that when his sentence was revoked on December 16, 2010, the district attorney stated in open court that Petitioner "was sentenced under the old law [and] it's not 85%." (Dkt. 21 at 3; 21-1 at 2). The state district judge allegedly consulted a

book before stating that Petitioner's crime was not an 85% crime, as reflected in the court minute. (Dkts. 21 at 2; 21-1 at 1).

In 2012, Petitioner was informed by his prison case manager that his projected discharge date was in 2022, and the court minute was irrelevant to the DOC. When Petitioner wrote the state district court, he was advised by the court to seek a writ or to take legal action against DOC in Oklahoma County District Court. (Dkts. 21 at 3-4; 21-1 at 4).

Petitioner further asserts he began filing motions in the sentencing court, asking to correct the "85% problem." (Dkt. 21 at 4). In November 2014, the sentencing judge denied Petitioner's post-conviction application, noting that the Court has been wrong when it stated his conviction was not an 85% crime. *Id*. Petitioner next sued the sentencing judge in federal district court, however, no relief was granted. *Id*. The sentencing judge subsequently resigned, in part, because of "oppression in office." (Dkts. 21 at 4-5; 21-1 at 5-18, 26-32).

As set forth in the Court's Opinion and Order dismissing this action, the state district court initially entered a court minute stating that Petitioner's offense was not an 85% crime (Dkt. 19 at 4). That court, however, subsequently reversed that ruling because the offense actually was an 85% crime. *Id*. at 6. No relief was warranted, because at the time of Petitioner's plea in 2005, the sentencing court was not required by Oklahoma law to advise him of whether the 85% Rule applied to his crime. *Id.*

While Petitioner focuses on the applicability of the 85% Rule in his sentencing, he fails to address the reasons why his petition was dismissed. The Court found he has failed

3

to exhaust the state court remedies for his claims and the claims were procedurally barred. *Id*. at 23-26. Petitioner has not challenged these reasons for dismissal.

After careful review, the Court finds Plaintiff has not shown an intervening change in the applicable law, previously unavailable new evidence, or a need to correct clear error or to prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d at 1012. He, therefore, has failed to meet the requirements for relief under Fed. R. Civ. P. 59(e), and his motion for reconsideration (Dkt. 21) is DENIED.

**Motion for Judicial Notice**

Petitioner has filed a "motion for judicial notice" (Dkt. 22), again arguing that this Court committed serious error and must reconsider the denial of his habeas corpus petition. He again claims that the Oklahoma Department of Corrections incorrectly calculated his sentence as falling under the 85% Rule and forced him to serve years beyond his actual sentence. In addition, Petitioner insists that under Oklahoma's post-conviction statutes, he is entitled to relief and that the Washington County District Court was under the oppression of his sentencing judge. The Court construes this motion as a second motion for reconsideration under Fed. R. Civ. P. 59(e) and DENIES it as moot.

**Certificate of Appealability**

The Court also DENIES a certificate of appealability, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of [a habeas

4

matter] . . . debatable or wrong").

**ACCORDINGLY**,

1.   Petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) (Dkt. 21) is DENIED.

2.   Petitioner's motion for judicial notice (Dkt. 22) is construed as a second motion pursuant to Fed. R. Civ. P. 59(e), and the motion is DENIED as moot.

3.   Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 12th day of May 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA